## Commonwealth *v.* Conroy, Appellant.

*Criminal law—Jury—Challenges—Acts of March* 31, 1860, *secs.* 36–38, *P. L.* 427, *and July* 9, 1901, *P. L.* 629.

The Act of July 9, 1901, P. L. 629, did not repeal the Act of March 31, 1860, secs. 36–38, P. L. 427. Its purpose was to take from the commonwealth the right to stand aside jurors until the panel was exhausted, and put the commonwealth upon an equality with defendant as to the number of peremptory challenges. While the word " respectively " in the later act is not given precisely the same meaning by lexicographers as the word " alternately " in the earlier act, yet the legislature used the word " respectively " in the act of 1901 in the same sense as that of 1860 used the word " alternately," and this meaning accomplished the purpose of the act,—equality.

*Criminal law—Evidence—Rebuttal—Discretion of court.*

On the trial of an indictment for murder where the defendant swears that there had been a violent struggle between him and the deceased for the possession of a pistol, the court in the exercise of a sound discretion

may permit the commonwealth to call in rebuttal a witness to prove that from the position of the body of the deceased on the bed where she was found there could not have been such a struggle.

*Criminal law—Murder—Charge—Reasonable doubt.*

On the trial of an indictment for murder, it is not error for the court to charge on the subject of reasonable doubt as follows: " A reasonable doubt is a doubt which arises out of the evidence which appeals to reasonable men and causes them to hesitate to convict the defendant; if there is such a reasonable doubt in this case, then it is your duty to acquit; if there is no such reasonable doubt, it is just as much your duty to convict.'

Argued Oct. 26, 1903.    Appeal, No. 97, Oct. T., 1903, by defendant, from judgment of O. & T. Allegheny Co., on verdict of guilty of murder in the first degree in case of Commonwealth v. John Conroy.    Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.    Affirmed.

Indictment for murder.    Before EVANS, J., and TAYLOR, J., specially presiding.

At the trial defendant made the following request:

Counsel for defendant requests the court to so construe the act of 1901 in reference to the challenging of jurors, that the commonwealth be required first, to accept or challenge each juror after he has been examined, before the juror is turned over to the defense for acceptance or challenge, and to direct that the acceptance or challenge of the jurors be made in accordance with such construction.

The court overruled the request. [1]

The court charged in part as follows:

Gentlemen, it is the duty of the commonwealth before they can ask for a conviction in this case, as well as in every other case, which I have told you before, to satisfy the jury of the guilt of the defendant beyond a reasonable doubt.    A reasonable doubt is a doubt which arises out of the evidence, which appeals to reasonable men and causes them to hesitate to convict the defendant.    If there is such a reasonable doubt in this case, then it is your duty to acquit.    If there is no such reasonable doubt it is just as much your duty to convict. [6]

Verdict of guilty of murder in the first degree upon which judgment of sentence was passed.    Defendant appealed.

*Errors assigned* among others were (1) ruling on request as to challenges; (2) admission of testimony of Hartman referred to in the opinion of the Supreme Court; (6) instruction as to reasonable doubt; (7) in giving undue prominence to the evidence of the commonwealth, and minimizing the evidence of the defendant, in the charge.

*W. A. Hudson*, with him *Joseph Howley*, for appellant.—We contend that the act approved July 9, 1901, repeals by implication the 36th, 37th and 38th sections of the Act of March 31, 1860, and the court below should have so decided: Johnston's Est. 33 Pa. 511; Spees v. Boggs, 204 Pa. 504; Bennett v. Norton, 171 Pa. 221; Gwinner v. Lehigh & Del. Gap R. R. Co., 55 Pa. 126; Rhoads v. Hoernerstown Bldg. & Savings Assn., 82 Pa. 180; Commonwealth v. Cromley, 1 Ashmead (Pa.), 179; Rich v. Keyser, 54 Pa. 86; Phila. & Erie R. R. Co. v. Catawissa R. R. Co., 53 Pa. 20.

The burden of proof rests upon the commonwealth to establish the guilt of the accused beyond a reasonable doubt, and, therefore, a duty rested on it to rebut all other reasonable theories that might be deducted from the evidence: Turner v. Com., 86 Pa. 54; Com. v. Meyers, 83 Pa. 131.

*John C. Haymaker*, district attorney, with him *John S. Robb, Jr.*, first assistant district attorney, for appellee.—The act of 1901 does not establish a new rule on the subject of challenges, and evidently is not intended as a substitute for the act of March 31, 1860, nor is the one in conflict with the other: Com. v. McGirk, 78 Pa. 298; Endlich on Interpretation of Statutes, sec. 210; McClain's Crim. Law, sec. 92.

The sixth assignment of error is a complaint that the court did not properly instruct the jury on the question of a reasonable doubt. The charge was in keeping with the decisions, and was adequate without regard to whether or not the jury had been instructed, in other cases, on the subject: Com. v. Hartman, 4 Pa. 269; Meyers v. Com., 83 Pa. 131: Com. v. Drum, 58 Pa. 9.

OPINION BY MR. JUSTICE DEAN, November 9, 1903:

In this case the jury found defendant guilty of murder of

the first degree.   There appeared in the evidence every element necessary to establish the crime and the court passed sentence accordingly.   The defendant now appeals, assigning for error:

1. The court erroneously construed the act of the 9th of July, 1901, relative to the challenging of jurors.

2. The court wrongfully permitted the commonwealth to adduce certain alleged rebutting evidence after defendant had closed his case.

3. The court erred in its charge as to what constituted a reasonable doubt, and in giving undue prominence to the commonwealth's evidence.

The act of 1901 has this provision: "In the trial of misdemeanors and felonies triable exclusively in the courts of oyer and terminer and general jail delivery, the commonwealth and the defendant shall each be entitled to twenty peremptory challenges, all of which challenges shall be made and assigned by the commonwealth and defendant respectively, when the juror is called."

Under this provision defendant's counsel moved the court, on their interpretation of the act, to direct the commonwealth in every case to first accept or challenge the juror when first called, before turning him over to defendant for acceptance or challenge.   This motion the court overruled.   It appears that the practice in Allegheny county, both before and since the act of 1901, has been, when the first juror is called and sworn to make true answers to questions touching his qualifications, that the counsel for defense begins the examination; then after such examination, neither accepting nor rejecting, turns him over to the commonwealth's counsel for examination, which after such examination may accept or reject; that is, may accept or challenge for cause or peremptorily; the defendant may still however, if the juror be accepted by the commonwealth, challenge peremptorily.   Then, as to the second juror, the defendant is required to first challenge for cause or peremptorily after examination; if accepted the juror is turned over to the commonwealth which can accept or peremptorily challenge him. As to the third juror, the commonwealth again first exercises the right to accept or challenge peremptorily, and so on, alternately, until the jury is made up.   This is to interpret the

word " respectively " in the act of 1901, as synonymous with the word " alternately " in the act of 1860, which says, " the commonwealth shall challenge one person and the defendant one person and so alternately until all the challenges shall be made." The act of 1901 did not repeal the act of 1860, nor was it intended to have that effect; the latter act is a supplement to the former. Its purpose was to take from the commonwealth the right to stand aside jurors until the panel was exhausted, and put the commonwealth upon an equality with defendant as to the number of peremptory challenges. While the word " respectively " is not given precisely the same meaning by lexicographers as the word " alternately " yet the legislature used the word "respectively" in the act of 1901 in the same sense as that of 1860 used the word "alternately" and this meaning accomplished the purpose of the act—equality. This equality was preserved by the practice of the court below; the defendant was deprived of no substantial right; he practically obtained a jury of his own selection from the panel. There was no error, not even a technical one.

As to the second error complained of, that the court improperly allowed the commonwealth, after all the evidence had closed to introduce further evidence bearing against defendant, that was a matter in the sound discretion of the trial judge. The defendant had sworn there was a violent struggle between him and deceased for possession of the pistol; the commonwealth called a witness, one Hartman, to prove that from the position of the body on the bed there could not have been such struggle. That such a statement would be made by defendant the commonwealth could not have anticipated; that it should go wholly uncontradicted, merely because defendant was the last and only witness to testify to such a fact would have been gross injustice to the commonwealth; clearly, its admission, although somewhat out of place, was within the discretion of the trial judge.

As to the third assignment, as to what constitutes a reasonable doubt, the instruction was strictly within the line of decisions on that subject. Further, as to the complaint that undue prominence was given the commonwealth's evidence and but little reference made to defendant's, that arose from the inherent weakness of defendant's case. The essential facts tending to

demonstrate the existence of malice, deliberation and premeditation stood out bold, clear and prominent; the mere statement of the facts established guilt and necessarily made them prominent; the attempts to contradict them were weak and not calculated to raise the least doubt. It was beyond the power of a court, even if it had so desired to help defendant by any reference to the facts or testimony.

All the assignments of error are overruled and the judgment of the court below is affirmed. It is directed that the record be remitted to the court below that the judgment may be carried into execution according to law.