# Commonwealth *v.* Durlin, Appellant.

*Criminal law—Rape—Charge of court—Review of evidence.*

In the trial of an indictment for rape, it is not necessary that a court should name all of the witnesses who testified in the case, or recite the details of their testimony which the jury has heard within a few hours. The extent to which a trial judge should review and comment on the testimony depends largely in the circumstances and nature of the case. Usually it must be left to his discretion, and if he refers impartially to both sides and does not unduly magnify the importance of proofs introduced by one party or belittle those introduced by the other, the court will not be reversed upon general exceptions of this character.

A statement by the trial judge, referring to the defense of an alibi, that the defendant disclaimed all knowledge of the alleged offense and that he had endeavored to satisfy the jury by evidence that on that particular day he was elsewhere, is sufficient explanation of the meaning of an alibi and the nature of the defendant's defense.

260, (1920).] Syllabus—Assignment of Errors.

*Criminal law—Good character—Evidence—Instructions.*

The relevant importance of evidence of good character, when compared with the evidence tending to establish any other fact in a case, is for the jury.

Where the defendant presented a point requesting the instruction that "The jury should take into consideration that good character is of great importance in the evidence of this case," an answer that "The evidence as to good character is of importance in this case only as other evidence tending to establish the innocence of the defendant," is correct. The importance of any oral evidence is for the jury, and where the evidence as to the reputation of the defendant was not unchallenged, the weight to which the evidence was entitled was a matter for the jury.

*Criminal law—Trial—Remarks of counsel—Exceptions—Failure to take exception.*

On an appeal in a criminal case the remarks of counsel will not be considered as reasons for a new trial, unless brought upon the record by an exception taken at the time of the trial.

Argued October 5, 1920. Appeal, No. 56, April T., 1921, by defendant from judgment of O. & T. Warren County, June T., 1920, No. 1, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Leslie Durlin. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Indictment for rape and bastardy. Before CRISWELL, P. J., specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned,* among others, was the charge of the court, and answers to points as quoted in the opinion of the Superior Court.

*D. U. Arird,* for appellant.

*L. C. Eddy,* District Attorney, and with him *Walter L. Peake,* for appellee.

OPINION BY PORTER, J., December 13, 1920:

The defendant appeals from his conviction in the court below upon an indictment containing two counts, the first, charging statutory rape and the second, adultery and bastardy. The first three assignments of error aver that the court erred in failing to properly direct the attention of the jury to the testimony of the defendant's witnesses. After a careful review of the charge, in the light of the evidence, we are not convinced that these specifications of error are well founded. The brief review of the evidence by the court was entirely impartial, it did not attempt to give the details of the evidence produced by either the Commonwealth or the defendant. The evidence was not voluminous, its presentation had not consumed much time; and there was no necessity for going into detail in order to recall it to the minds of the jury. The learned judge said to the jury that it was characteristic of the trial of the offenses charged in this indictment that there were but few witnesses to the fact of the offense, which was usually committed when no witnesses were present. He then very briefly referred to the testimony of the young girl, upon whom the offense was committed, without going into any details of that evidence whatever. He stated that another girl had testified that she had seen the defendant that day, on the road, in a buggy driving a horse. He then added, "Other witnesses were called upon the part of the Commonwealth, you will remember their evidence. They were called for the purpose of sustaining the charge made by the Commonwealth." This was the sum total of the reference made by the learned judge to the testimony produced by the Commonwealth. He then proceeded to call the attention of the jury to the testimony of the defendant, saying that he denied absolutely the commission of the offense and denied that he was at or about the

place upon the day the offense was alleged to have been committed. The learned judge then added, "He disclaims all knowledge of the matter and has endeavored to satisfy you by evidence that upon this particular day he was elsewhere. In other words, he has attempted to establish an alibi. In support of his contention that he was elsewhere at the time this offense was committed and therefore could not have committed it, a number of witnesses have been called who have testified to various facts and incidents all of which they state occurred on that particular day." This was an impartial summary of the evidence bearing directly upon the question of whether the defendant did or could have been guilty of the offense. The defendant had called his wife, his father and mother and two friends who had testified that he was in another part of the county upon the day in question. This and his own testimony was all the evidence produced by him bearing directly upon that question. It was not necessary that the court should name all the witnesses who testified to the alibi, nor recite the details of their testimony, which the jury had heard within a few hours. The court later in the charge called the attention of the jury to the evidence produced by the defendant relating to his prior good reputation, while it said nothing about the evidence produced by the Commonwealth which tended to rebut the evidence as to reputation. "The extent to which a trial judge ought to go in reviewing, analyzing and commenting upon the testimony depends very largely upon the circumstances and nature of the case, and, to some extent upon the line of argument pursued by counsel in addressing the jury. Generally it must be left to his sound discretion. It is only in exceptional cases, as, for example, when it plainly appears that the charge is so inadequate as to be misleading, or where by indirection, it withdraws the attention of the jury from material issues or evidence, or from matters entering as necessary elements into the decision of the question at issue, or where its tendency as

a whole is to unduly magnify the importance of the proofs introduced by one party and to belittle those introduced by the other party, that the court will be reversed upon general exceptions of this nature": Com. v. Wasson, 42 Pa. Superior Ct. 62. The first, second and third specifications of error are overruled. The fourth specification alleges that the court erred in failing to explain to the jury the meaning of an alibi, and the testimony relating to the same. There is no merit whatever in this specification. The portion of the charge above quoted certainly clearly indicated to the jury that the testimony as to an alibi was introduced for the purpose of showing that the defendant "was elsewhere at the time this offense was committed and therefore could not have committed it."

The fifth, sixth and seventh specifications charge that the court erred in the alleged qualification of certain points referring to the effect of evidence as to good character presented by the defendant. The points were, so far as they went, correct statements of the law, but they failed to make clear to the jury the fact that the term "good character," as used in the points, meant the reputation which a man enjoyed among those who knew and associated with him. The court answered each of these points in this manner: "Affirmed in connection with what is said on the subject in the general charge." This was not a qualification of the points unless in the general charge the court had said something inconsistent with the principle announced in the point. There was nothing in the general charge which was not in entire harmony with the doctrine of the points submitted by the defendant. The court had in the general charge explained to the jury that when a man had resided for a length of time in a community and associated with the people of that community and had acquired a reputation as a law-abiding citizen, as a just man, and so lived as to give no occasion for any talk concerning him on the subject in question, evidence of those facts was to be

considered by the jury in connection with all the other evidence in the case, in passing upon the question of his guilt or innocence. The learned judge said: "Men ordinarily live consistent lives. Ordinarily they do not, after living an upright and correct life, commit any offense that contradicts their prior history and manner of life as known by their friends and neighbors. In the absence of any evidence upon this question it would be your duty to regard the presumption that prior to this time he had been a chaste man and had been a law-abiding citizen." This instruction was certainly as favorable as the defendant had a right to expect. There is certainly reason to doubt whether any presumption arises as to a man's reputation, in the absence of evidence. The fifth, sixth and seventh specifications are dismissed.

The defendant in his ninth point, the qualification of which is the subject of the eighth specification of error, requested the court to charge that: "The jury should take into consideration that good character is of great importance in the evidence of this case." The court answered the point as follows: "The evidence as to good character is of importance in this case only as other evidence tending to establish the innocence of the defendant. As thus qualified this point is affirmed." It is to be observed that the instruction asked for was not as to the importance of good character when established by evidence but as to its importance in the evidence of this case. The relevant importance of evidence of good character, when compared with the evidence tending to establish any other fact in a case, is for the jury. The answer of the court certainly gave the jury to clearly understand that evidence of good character was of equal importance with any other evidence tending to establish the innocence of the defendant. The importance of any oral evidence is for the jury. The evidence as to the reputation of this defendant was not unchallenged, the Commonwealth having introduced evidence in rebuttal

of that produced by the defendant. The weight to which that evidence was entitled was for the jury and the eighth specification of error is overruled.

The facts recited in the eleventh point were for the consideration of the jury, in connection with all the other evidence in the case, and the court did not err in so stating in its answer to the point. The remarks of the district attorney, in his closing address to the jury, referred to in the tenth, eleventh, twelfth, thirteenth and fourteenth assignments of error, were not brought upon the record by an exception taken at the trial, and cannot be considered: Com. v. Church, 17 Pa. Superior Ct. 43; Com. v. Windish, 176 Pa. 169; Guckavan v. Lehigh Traction Co., 203 Pa. 521; Com. v. Eisenhower, 181 Pa. 477. The remarks were embodied in the reasons for a new trial, which the court below refused. The remarks did not refer in any manner to the evidence in the case, nor to the defendant. They consisted, in substance, of an assertion that the reason why more assaults were not committed upon women and girls in the north was because we have justice, while we read in newspapers of assaults upon women being committed in the south and the life of the guilty party is sometimes not worth a snap. It may be conceded that the remarks were in very bad taste and that they involved an unnecessary waste of time, but we are not convinced that they so tended to excite prejudice against the defendant that the court below should be held guilty of an abuse of its discretion in not granting a new trial.

The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.