## Commonwealth *v.* Fogel, Appellant.

*Criminal law—Larceny—Evidence—Testimony of owner—"Identification"—Competency.*

In a prosecution for larceny of an automobile, the owner of the property stolen is competent to testify to the fact that it was stolen, even although she was not present when the theft occurred. A householder does not have to see a burglary in order to testify that his house has been robbed.

The use of the word "identify" in the charge of the court in the sense or meaning of "to assert or declare to be the same," which was the sense in which it was used by the witness on the stand is without error. The statement that the car had been identified by the owner did not prejudice the defendant when the court left it to the jury to find whether the identification convinced them that the car was hers.

*Criminal law—Charge of the court—Reasonable doubt.*

The reasonable doubt which will work an acquittal is not a mere fleeting hesitancy or momentary state of irresolution. It must be a doubt that remains after all the evidence is considered and is not dispelled by such consideration. To that extent it must be abiding, and where the charge of the court shows that this was what was intended by the trial judge a verdict of guilty will be sustained.

Argued October 21, 1920. Appeal, No. 157, Oct. T., 1920, by defendant, from judgment and sentence of Municipal Court of Philadelphia, Criminal Division, July Sessions, 1920, No. 20, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Benjamin Fogel. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Indictment for larceny and receiving stolen goods. Before McNICHOL, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty of receiving stolen goods on which judgment of sentence was passed. Defendant appealed.

446, (1921).] Assignment of Errors—Opinion of the Court.

*Errors assigned* were various rulings on evidence and the charge of the court.

*William T. Connor,* and with him *John R. K. Scott,* for appellant, cited: Foraker v. Sandy Lake Borough, 130 Pa. 123; Stuart v. Line, 11 Pa. Superior Ct. 345; Com. v. Cooper, 27 Pa. Superior Ct. 8; Com. v. Miller, 139 Pa. 94; Com. v. Conroy, 207 Pa. 212.

*Franklin E. Barr,* Assistant District Attorney, and with him *Michael F. McCullough,* Assistant District Attorney, and *Samuel P. Rotan,* District Attorney.

OPINION BY KELLER, J., March 5, 1921:

The indictment charged the defendant with (1) the larceny of an automobile and (2) receiving it knowing it to have been stolen. He was acquitted on the first count and convicted on the second.

It appeared from the testimony that a Packard automobile belonging to a Mrs. Dupont had been stolen on March 25, 1919; that on May 28, 1919, the car was found in defendant's garage, repainted and with the numbers changed; that Mrs. Dupont recognized the car as her own by certain marks on the inside of the car and her shopping list in one of the pockets, and her chauffeur who had driven it from the date of its purchase identified it by certain marks on the car and its equipment, by a part he himself had put in the motor, and by certain of his own tools which he found in the tool kit. When accused of the larceny the defendant produced a bill of sale dated four days prior to the theft from a man he did not know. He offered no testimony at the trial.

The assignments of error are directed to the court's rulings upon evidence (1-3); to the charge of the court (4-7) and to the refusal to give binding instructions for the defendant (8). None of them warrants a reversal of the judgment.

The defendant was not prejudiced by the detective Swain's statement that Mrs. Dupont had identified the car found in defendant's possession as her own, for she subsequently so testified herself; nor by his statement that the theft had been reported to the police department on March 25th, which was only explanatory of why they were on the lookout for the stolen car. The court subsequently, on motion of defendant's counsel, ordered all conversation testified to by this witness which had not occurred in the hearing of the defendant to be stricken out, and thereby cured any error in this respect, even though harmless. Mrs. Dupont was an entirely competent witness to testify that her car had been stolen, even though not present when the theft occurred. A householder does not have to see a burglary in order to testify that his house has been robbed. The court struck out all of her testimony as to the theft which was hearsay in character.

The trial judge, in his charge, used the word "identify" in its sense or meaning of "to assert or declare to be the same," which was the sense in which it was used by the witnesses on the stand: Com. v. Goodelman, 74 Pa. Superior Ct. 526. He stated that the car had been identified by Mrs. Dupont and her identification strengthened by her chauffeur, but he left it to the jury to find whether this identification convinced them that the car was hers. It was not disputed that the car thus "identified" by Mrs. Dupont was found in the possession of the defendant and the trial judge did not err in so charging the jury. Nor was it improper for him to comment on the fact that the bill of sale under which defendant claimed to have gotten possession of the car was dated several days before the theft was committed.

We are not satisfied that there was any substantial error in the charge on the subject of reasonable doubt. Many appeals would no doubt be avoided if judges would use in their charges on this subject the precise language already passed upon and approved by the Supreme

Court: Com. v. Miller, 139 Pa. 77; Com. v. Drum, 58 Pa. 1; Com. v. Conroy, 207 Pa. 212; Com. v. Devine, 18 Pa. Superior Ct. 431; but a judge is not to be convicted of error if his charge is in substantial conformity with its rulings. The reasonable doubt which will work an acquittal is not a mere fleeting hesitancy or momentary state of irresolution. It must be a doubt that remains after all the evidence is considered and is not dispelled by such consideration. To that extent it must be abiding and the context of the charge shows that that was what was intended by the trial judge in this case.

There was sufficient evidence in the case to support the verdict. It was not error, therefore, to refuse the defendant's point directing an acquittal.

The judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.