## Commonwealth *v.* Musser, Appellant.

Argued October 13, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH and ROSS, JJ. (ARNOLD and GUNTHER, JJ., absent).

*James P. Coho,* with him *Hamaker & Coho,* for appellants.

*John W. Beyer,* District Attorney, for appellee.

OPINION BY RHODES, P. J., November 12, 1952:

Gerald Musser was found guilty of robbery, and Charles Wm. Darnell was found guilty of being an accessory before the fact. Both defendants were indicted and tried with John H. Dickel, who was also charged with robbery. As to Dickel demurrer was sustained at the close of the Commonwealth's case. As to Darnell the demurrer was overruled. Defendants offered no evidence. Musser and Darnell have appealed from their convictions and sentences.

During the evening of November 19, 1951, one Willis J. Shertzer, a cook, chauffeur, and handyman, met Darnell, whom he had known for about 15 years, at several bars or restaurants in the City of Lancaster, where intoxicating beverages were served. Shertzer, after drinking extensively during the evening, went to the home of a friend, where he spent the night. After Shertzer had retired Darnell appeared and made inquiries about Shertzer. The next morning, November 20, 1951, Shertzer resumed his drinking at the same places which he had frequented the previous evening. Darnell met Shertzer and followed him during the morning, although Shertzer tried to keep away from Darnell. About noon Shertzer went to the bus depot to board a bus to go to the horse races in Maryland. While waiting Shertzer fell asleep and was subsequently awakened by Darnell who told Shertzer that he had two men who would take Shertzer to the races in their car. Darnell then escorted Shertzer to the car in which Musser and another, who was not identified at the trial, were waiting. Shertzer was taken by the two

occupants of the car to several barrooms in the City of Lancaster and vicinity. Shertzer finally attempted to escape when he realized that they were not going to the races. However, Shertzer was picked up and driven to a secluded spot on a side road by Musser and his companion. There they threw Shertzer down and jumped on him, Musser taking the wallet from Shertzer's pocket, which contained $250 to $275 in cash and $500 in traveler's checks. Shertzer was left at the scene of the robbery. Shertzer had known Musser for four or five years.

After Musser and Darnell had been arrested and released on bail to await trial, Shertzer found $150 in an envelope in his mail slot. The same evening Darnell asked him if he had received anything; Shertzer described to Darnell what he had received. Darnell then gave Shertzer $80 in cash, and a few days later $30 additional.

On this appeal Musser does not question the sufficiency of the evidence to sustain his conviction. Darnell complains that the trial judge erred in overruling his demurrer to the evidence. The Commonwealth's evidence was so obviously for the jury as to both defendants that an extended discussion would be superfluous. Darnell's demurrer to the Commonwealth's evidence was properly overruled. *Com. v. Waters,* 148 Pa. Superior Ct. 473, 25 A. 2d 756. See *Com. v. De Petro,* 350 Pa. 567, 39 A. 2d 838. The charge of the trial judge was very comprehensive, both as to the law and the facts, and it is not the subject of attack on this appeal.

We find no merit in the other two questions which defendants have raised. They complain that the trial judge committed reversible error in refusing to direct that the address of the district attorney to the jury be taken stenographically by the court stenographer

and transcribed. In refusing defendants' request the trial judge stated: "Counsel always has the right to put on the record anything objectionable contained in counsel's remarks to the jury." The action of the trial judge was not erroneous in this respect. See *Com. ex rel. Turk v. Ashe,* 167 Pa. Superior Ct. 323, 74 A. 2d 656; Act of May 1, 1907, P. L. 135, §2, as amended, §3, 17 PS §§1802, 1804. No objection was made to any alleged improper remarks of the district attorney until the conclusion of his argument, and the alleged improper remarks were not placed on the record. Consequently the refusal of the trial judge to withdraw a juror is not reviewable. *Com. v. Kerr,* 171 Pa. Superior Ct. 131, 89 A. 2d 889. Furthermore, we find nothing objectionable or prejudicial in what the district attorney is supposed to have said.

The remaining complaint is that the trial judge refused to withdraw a juror when on cross-examination by defendants' counsel a witness made a remark from which it might be inferred that the defendant Musser had a criminal record. The cross-examination of the witness is as follows: "Q. I have just a few questions here, Officer, about the identification of these defendants by this man over here named Shertzer. Isn't it true, Officer, that he [Shertzer] couldn't identify anyone the first time he saw you or you saw him? A. . . . . He has known Musser for 4 or 5 years, but not by name. He described him to me as having dark hair, being a good pool shooter and having the characteristic of walking on his toes, and also that he was involved in some sort . . ." At this point the witness was interrupted by the district attorney, and the trial judge directed the last remark be stricken from the record, and instructed the jury to disregard it. We think the answer was harmless under the circumstances. See *Com. v. Fugmann,* 330 Pa. 4, 19, 20, 198 A. 99; *Com.*

*v. Novak,* 165 Pa. Superior Ct. 576, 582, 69 A. 2d 186. Any adverse effect was eliminated by the action of the trial judge. It is significant that cross-examination by defendants' counsel of another witness for the Commonwealth brought out the fact that the witness had known the defendant Musser at White Hill. In fact, defendants' counsel asked the witness: "Q. You first got acquainted with him at White Hill?" To this question the witness answered "Yes." Obviously defendants' counsel could not object to the answer. If the defendant Musser was prejudiced by the possible disclosure of a prior criminal record, it was attributable to his own counsel.

Judgments and sentences are affirmed. The record is remitted to the court below, and it is ordered that defendants appear in the court below at such time as they may there be called, and that each defendant be by that court committed until he has complied with the sentence, or any part thereof, which had not been performed at the time his appeal in this case was made a supersedeas.