212 Pa. Superior Ct. 100 (1968)
Commonwealth
v.
Howard, Appellant.
Superior Court of Pennsylvania.
Argued December 13, 1967.
March 21, 1968.
*102 Before WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (ERVIN, P.J., and WRIGHT, J., absent).
Dennis Eisman, Assistant Defender, with him Melvin M. Dildine, Assistant Defender, and Herman I. Pollock, Defender, for appellant.
*103 Alan J. Davis, Assistant District Attorney, with him Richard A. Sprague, First Assistant District Attorney, and Arlen Specter, District Attorney, for Commonwealth, appellee.
OPINION BY MONTGOMERY, J., March 21, 1968:
Appellant-defendant Larry R. Howard was convicted by a jury on charges of conspiracy, possession of burglary tools, loitering and prowling, and attempted burglary. Motions for a new trial and in arrest of judgment having been overruled, judgment of sentence was imposed from which this appeal was taken.
Since the reasons now being asserted for the reversal of the judgment relate to matters of procedure and the conduct of the trial, we deem it unnecessary to review the evidence relating to the crimes.
Appellant complains that the lower court erred in refusing his counsel permission to examine prospective jurors after they were seated in the jury box and to peremptorily challenge certain jurors before the jury was sworn. Our examination of the record fails to disclose any merit in these complaints. Appellant's counsel was afforded full opportunity to examine the prospective jury as it was assembled collectively, and individually if any one indicated any causal reason for challenge after being interrogated generally. Since the manner of voir dire examination is within the sound discretion of the trial judge, Commonwealth v. DiFilippo, 176 Pa. Superior Ct. 608, 109 A. 2d 224 (1954), his exercise of that discretion will not be disturbed in the absence of abuse. No such abuse is indicated by the record. Likewise, the order of challenging jurors is also within the sound discretion of the trial judge. Commonwealth v. Conroy, 207 Pa. 212, 56 A. 427 (1903); Wright v. Scranton, 128 Pa. Superior Ct. 185, 194 A. 10 (1937). We find no prejudicial abuse of discretion in this particular. After the voir dire examination, *104 and after the first twelve jurors were seated, the court asked defense counsel whether he wished to challenge any peremptorily. He declined to do so because "I honestly don't know enough about them to do it." The trial court rightfully considered this a waiver of his right to exercise such right, and considered the selection of the jury completed, after adding two alternates to it. It was not until later, just before the jury was to be sworn, that appellant's counsel renewed his request for peremptory challenge. Although we would not rule out the possibility of allowing a belated challenge for cause after the jury had been selected if the reason was a valid one, we will not disturb the ruling of the trial judge in this case since the challenge was a peremptory one.
Appellant's next complaint is that his counsel was refused permission by the court to consult with him before he was arraigned and entered his plea of not guilty. Our review of the record on this point shows no error in the action of the lower court and we do not believe this complaint merits discussion.
The next assignment of error relates to the manner in which the trial judge conducted a "Jackson" hearing on appellant's motion to quash as evidence a statement given by him to a police officer. This motion was made during the trial and the hearing was conducted in the absence of the jury but without clearing the courtroom of fifteen spectators, members of the general public, who were present during the trial. Specifically, appellant argues that the Rule of Criminal Procedure No. 323 (c) (3) and (4),[1] was violated. In *105 this connection appellant also complains that the trial judge refused to submit to the jury the issues of the voluntariness of the statement and the warning of his constitutional rights to remain silent after its preliminary determination of such issues in the affirmative, although requested to do so. He also contends that the lower court erred in such findings since the evidence was to the contrary.
We do not interpret Rule 323 as a directive to conduct "Jackson" hearings behind doors closed to the general public, particularly in light of (c) (1) of that rule which provides that the court may fix such hearings "at trial". Admittedly such hearings are to be conducted out of the hearing of a jury, and with caution in preventing prejudice to a defendant from what might be said there. However, we cannot find any prejudice to this appellant by the presence of such spectators at this mid-trial hearing that would warrant the grant of a new trial. The trial judge was well aware of the purpose of the hearing. His election not to clear the courtroom of spectators was within the general discretion vested in him to conduct his court with impartiality in the absence of any positive prohibition to the contrary. He has broad powers since the ultimate fairness of a judicial proceeding depends upon his wisdom and good judgment. Reed v. Kinnik, 389 Pa. 143, 132 A. 2d 208 (1957). Further, we find no merit in appellant's argument that subsection (c) (4) was violated. On the contrary, we find it was substantially followed. The evidence taken at that hearing is fully recorded, and the record shows his finding and conclusion that the statement was voluntarily made with the result that appellant's motion to suppress was denied.
*106 The record of the "Jackson" hearing fully supports the conclusion of the trial judge that appellant's statement was voluntarily made under circumstances to predicate he knowingly and willingly waived his constitutional rights to remain silent.
Furthermore, there is no merit in the argument that the issue of voluntariness should have been submitted to the jury, for the reason that, except for the motion to suppress the statement and the testimony taken thereon, there was no issue raised at any time during the trial before the jury on this point. There was no testimony presented from which the jury could resolve such an issue. The submission on such issue to the jury is only required where there is some evidence presented to raise it or to cast any doubt on the fact that it was voluntarily given. Commonwealth ex rel. Fox v. Maroney, 417 Pa. 308, 314, 207 A. 2d 810 (1965); Commonwealth v. Williams, 197 Pa. Superior Ct. 184, 195, 176 A. 2d 911 (1962).
There is no merit in appellant's next argument as to the qualification of Sharon Kerzner, a worker in the police laboratory, who testified as an expert as to the similarity of color of paint. Although not formally educated in this field, Miss Kerzner had a wealth of practical experience. Her qualifications were within the discretion of the trial court to determine. Commonwealth v. Harris, 186 Pa. Superior Ct. 59, 140 A. 2d 344 (1958). No abuse of that discretion is present in the record.
Appellant's last complaint relates to the summation made by the District Attorney. His complaint is that the District Attorney commented adversely on the failure of appellant to take the witness stand and put in a defense to the charges.
Although appellant's counsel requested that the court stenographer record the summation of counsel, this request was refused. In Commonwealth v. Musser, *107 172 Pa. Superior Ct. 44, 92 A. 2d 270 (1952), we held this was not erroneous inasmuch as counsel always has the right to put on the record anything objectionable contained in opposing counsel's remarks to the jury. In our present case appellant's counsel neglected to offer for the record any objectionable remarks made by the District Attorney or to move at any time for the withdrawal of a juror on account of same. Although he objected to several matters during the course of the District Attorney's closing address, he did nothing to perfect his record, apparently satisfied with the trial judge's statement that he would correct any misstatement of fact in his charge to the jury and advise that body on the law covering the various aspects of the case. Except for the complaint previously discussed concerning the refusal of appellant's request for submission of the issues of the voluntariness of his statement, no alleged errors in the charge are presented to us in this appeal. Therefore, we may rightfully presume the trial judge fulfilled his promise relating to the summation by the District Attorney.
It was not until June 27, 1967, more than two months after the verdict was returned, that appellant tried to perfect the record by incorporating therein the remarks which he found objectionable. This was attempted by the filing of an affidavit. Under the circumstances we must reject this effort as coming too late and conclude that appellant waived any objection to the summation of the District Attorney by not taking proper steps before the verdict was rendered. Improper remarks upon summation must be brought on the record at the time of the trial. Springer v. Allegheny County, 401 Pa. 557, 165 A. 2d 383 (1960); Commonwealth v. Durlin, 75 Pa. Superior Ct. 260 (1920).
We conclude that the appellant was fairly tried and the record discloses no reversible errors.
Judgment of sentence affirmed.
*108 CONCURRING OPINION BY HOFFMAN, J.:
I concur in the holding of the majority that there was no prejudice to appellant by permitting the presence of spectators at his "Jackson" hearing.
I cannot agree with the court's holding, however, that such a procedure is permissible under Pa. R. Crim. P. No. 323. The majority opinion relies on the statement in subsection (c) (1) of the rule which provides that the court may conduct such hearings "at trial". It ignores, however, the specific directive of the subsection (c) (3) that the judge "Hold a hearing in the presence of only the defendant, counsel for the parties, court officers and necessary witnesses. . . ."
The majority's implication that this subsection was designed to exclude only the jury, and was not a directive to conduct a hearing closed to the general public, is refuted by subsection (c) (5) of the Rule directing that the judge "Enter an order impounding the record and prohibiting the disclosure of the nature and purpose of the hearing or the judge's order to anyone except the court, the defendant and counsel for the parties."
The language of the rule, therefore, clearly excludes all but a limited few from attending the "Jackson" hearing. We should not subvert the obvious intent of the rule by engrafting onto it an interpretation which is directly contrary to its clear language.
NOTES
[1] Rule 323(c) provides that "When application for relief is made, a judge of the court shall: (3) Hold a hearing in the presence of only the defendant, counsel for the parties, court officers and necessary witnesses for the purpose of determining, fully and independently, whether or not the confession was made voluntarily; (4) Cause all evidence adduced at the hearing to be recorded, file a statement of record setting forth his findings on issues of fact and his conclusions as to whether the confession was made voluntarily, and enter an order granting or denying the relief; . . .".