UNITED STATES of America ex rel.
Larry R. HOWARD, H–7014,
Appellant,

v.

Alfred T. RUNDLE, Supt.

No. 18168.

United States Court of Appeals,
Third Circuit.

Argued Sept. 16, 1971.

Decided Dec. 22, 1971.

John Packel, Defender Association of Philadelphia, Philadelphia, Pa., for appellant.

James T. Ranney, Asst. Dist. Atty., Philadelphia, Pa., (Milton M. Stein, Asst. Dist. Atty., Chief, Appeals Div., James D. Crawford, Deputy Dist. Atty., Richard A. Sprague, First Asst. Dist. Atty., Arlen Specter, Dist. Atty., Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, ADAMS and ROSENN, Circuit Judges.

OPINION OF THE COURT

BIGGS, Circuit Judge.

The relator-appellant Howard, convicted in the Court of Common Pleas of Philadelphia County by a jury on charges of attempted burglary, possession of burglary tools, conspiracy, loitering and prowling, was sentenced on August 31, 1967 to serve two to five years. The sentences imposed on Howard under the four indictments present in the record were to run concurrently. No issue has been raised as to any duplicity of sentences.[1] Howard sought release

1. The record of Howard's case in the Pennsylvania courts is chaotic. We finally succeeded in procuring, as did the United States District Court, a transcript of the proceedings of Howard's trial. This transcript, which we have caused to be certified by the Clerk of the District Court to the Clerk of this Court, was secured through the courtesy of a present member of the staff of the District Attorney for Philadelphia County. We believe that this transcript is sufficiently com-

on writ of habeas corpus. The District Court denied his application without an evidentiary hearing and the appeal followed. Howard has exhausted his state court remedies. See Commonwealth v. Howard, Nos. 1124–1127, October Term 1967, Superior Court of Pennsylvania, opinion by Montgomery, J., 3/21/68, numbered *sic* in the opinion "Nos. 1124–1127, October Term 1967," 212 Pa.Super. 100, 239 A.2d 829. Allocatur has been denied.

Howard has raised three issues here: I. Did the refusal of the trial court to have transcribed defense counsel's objections and the district attorney's summation entitle petitioner to a new trial? II. Was petitioner's privilege against self-incrimination violated? III. Was a confession introduced into evidence in violation of Miranda v. Arizona, 384 U. S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)?

As to "I", at the close of the Commonwealth's case, Howard offering no evidence on his own behalf, Mr. Wolff, Assistant District Attorney, began his argument to the jury. At some point of the Commonwealth's summation, not clear from the record, Mr. Eisman, the Assistant Public Defender, said to the Court: "Your Honor, before we go further, I am not sure that the stenographer has been appointed for closing addresses, but at this time I ask that he be appointed, since inappropriate remarks are being addressed to the jury." Mr. Wolff said: "May I ask for a ruling on that? This is perfectly proper." The Court replied: "I will refuse any request to record the summations of counsel." Mr. Eisman inquired: "May I make my objection and ask that it be put on the record?" The Court replied: "You may object." Mr. Eisman said: "Thank you."

The principal complaint in the case at bar is of an improper and prejudicial remark alleged to have been made by the prosecutor in his argument to the jury. That something was said to which Mr. Eisman objected is apparent but since there was no court reporter taking notes of the arguments of counsel, Mr. Eisman's request for a court reporter having been refused, it is difficult to say what transpired, albeit the Court said: "Ladies and gentlemen of the jury, I will later on charge you on what you have to take and what you don't have to take from the addresses of both counsel." There then appears in the transcript the statement: "(Mr. Wolff resumed his summation to the jury.)" Mr. Eisman said: "Your Honor, may we see you at side bar? This is extremely serious and improper." Mr. Wolff said: "It is completely proper." The Court stated: "I will instruct the jury, later on." Mr. Eisman replied: "Any comments by the district attorney are really improper." The Court said: *"Members of the jury, later on I will instruct you on the right to remain silent by any defendant."* [2] (Emphasis added.) At a later point Mr. Eisman said: "May I see Your Honor at side bar? I wasn't permitted the right to make objections during the speech, and I want to state my objections for the record." The Court replied: "No, no side bar conference." Mr. Eisman then said: "May I state my objections for the record?" The Court replied: "No side bar conferences." [3]

Mr. Eisman did indeed make strenuous objections. He has executed an affidavit which the District Judge had before him that the remark to which he objected, allegedly made by Mr. Wolff to the jury, was as follows: "*[Y]ou can infer from the fact that the defendant did not take the stand that he has some-*

---

plete and accurate to permit us to dispose of the issues raised on this appeal. The whereabouts of the original transcript of the proceedings at Howard's trial is not known.

2. The transcript contains no instruction by the trial Judge respecting the right of

a defendant to remain silent. There does not appear anywhere in the record before us any statement that the State trial Judge did not make the attributed remark.

3. Tr. at 178–182.

*thing to hide."* (Emphasis added.) Mr. Wolff executed an affidavit in which he stated that he did not make the remarks attributed to him by Mr. Eisman and further that he did not in any form of words adversely comment upon the failure of the defendant to testify. Despite the trial Judge's statement that he would instruct the jury on the right to remain silent by any defendant, an examination of the charge shows no instruction or anything resembling an instruction on this subject.

■ There can be no doubt that if the remark allegedly made by Mr. Wolff was in fact made by him, Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), would govern Howard's case and he would be entitled to a new trial. We note that the Superior Court of Pennsylvania in Commonwealth v. Howard, 212 Pa.Super. 100, 106, 239 A.2d 829, 832 (1968), apparently assuming *arguendo* that the prohibited remark was made, nonetheless treated Howard's Fifth Amendment right against involuntary self-incrimination as waived, citing Commonwealth v. Musser, 172 Pa.Super. 44, 92 A.2d 270 (1952). It took this position because Howard's counsel did not immediately put on the record the alleged objectionable remark but attempted to do so more than two months later and this was treated as a waiver. The waiver position asserted in the Superior Court does not seem justified in view of the major constitutional issue apparently presented. There was no court reporter to take down the arguments of counsel and the Pennsylvania trial court would not let an objection be entered, nor would the Court entertain a side bar conference as requested by Mr. Eisman. The course pursued by the Pennsylvania trial court seems to have rendered the placing of a contemporaneous objection on the record impossible.[4] We cannot accept, therefore, the view expressed in the Superior Court on Howard's appeal. Once the opportunity to object during the trial had passed we can perceive no prejudice to the Commonwealth under the circumstances at bar that a record of the alleged objectionable remark was not attempted to be made until a little over two months after the trial.

■ Two affidavits expressly contradictory in terms will not aid the District Court in disposing of the important issue of fact. The affidavits of Mr. Wolff and Mr. Eisman bear equal weight. The District Court did not try this issue for it deemed the proceedings in the Pennsylvania state courts to have been sufficient to have afforded Howard due process. Whether the *Griffin* statement allegedly made by the prosecutor was in fact made by him was the principal issue presented. We conclude that this issue must be tried in an evidentiary hearing. All available evidence should be brought to bear on this point and it would be desirable to have the State court trial Judge testify as to what he had in mind when he made the remark, which we reiterate: "Members of the jury, later on I will instruct you on the right to remain silent by any defendant." Mr. Wolff and Mr. Eisman should be called as witnesses in a necessary albeit perhaps an ungraceful confrontation. If the fact issue be resolved against Howard that will be the end of the case for no constitutional issue would be presented; if the finding be to the contrary, Howard is entitled to relief.

It has been suggested that the proof of Howard's guilt is so overwhelming that the case falls within the rule of Chapman v. California, 386 U.S. 18, 22, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and Harrington v. California, 295 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). While we conclude that Howard's guilt has been proved beyond a reasonable doubt, we cannot say that the evidence of guilt is so overwhelming as to wipe out a constitutional error based on *Griffin*. A different standard is applicable.

4. To have had an argument in the court with the jury present as to the alleged impermissible statement of Mr. Wolff would not have been permissible.

One can cast up evidence and to some degree determine its weight. But we are presently informed of no means to enable a court to weigh the effect on the minds of a jury of a positive reference to a defendant's failure to take the witness stand on his own behalf. It must be borne in mind that both *Chapman* and *Harrington* deal with evidence and we cannot accept these cases as dispositive of relator Howard's contention.

This opinion covers in substance "I" and "II", *supra*. We have examined "III", Howard's *Miranda* position and find it to be without merit.

The judgment will be vacated and the cause remanded with directions to hold an evidentiary hearing on the issue of whether the prosecutor's alleged statement was in fact made by him. If the issue be resolved in Howard's favor, the District Court should conclude that it will issue the habeas writ, withholding its execution, however, until the Commonwealth shall grant a new trial to Howard within a reasonable period of time.