### De Silver's Estate.

*Evidence—Witness—Competency of witness—Party dead.*

Where a party is called to testify in support of her claim against a decedent's estate, and objection is made to her competency, and her counsel examines her as to matters occurring both before and after the death of the decedent, in which examination the auditing judge joins, although reserving the right to pass upon the questions arising upon the objection, the fact that the adverse party cross-examines the witness as to matters occurring in the lifetime of the decedent, cannot be regarded as a waiver of the objection to which her entire testimony is taken.

Argued Oct. 17, 1906. Appeal, No. 153, Oct. T., 1906, by Mary A. Wade, from decree of O. C. Phila. Co., July T., 1905, No. 231, dismissing exceptions to adjudication in Estate of Emily B. De Silver, deceased. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Exceptions to adjudication.
The opinion of the Superior Court states the case.

*Error assigned* was in dismissing exceptions to adjudication.

*William I. Stanton*, for appellant.—The appellant was rendered competent to testify as to facts occurring subsequent to decedent's death by reason of her cross-examination: Shadle's Estate, 30 Pa. Superior Ct. 151; Robinson v. Buck, 71 Pa.

386; Hood v. Prudential Ins. Co., 22 Pa. Superior Ct. 244; Laubach v. Laubach, 73 Pa. 387.

*Francis Rawle*, with him *Edward A. Waters*, for appellee.

OPINION BY RICE, P. J., November 19, 1906:

The claimant in the court below, the appellant here, was not a competent witness in her own behalf in this proceeding as to matters occurring prior to the death of the decedent, but was competent to testify as to matters occurring afterwards. Therefore the learned auditing judge, when he said " the testimony of the claimant is accordingly disregarded," was in technical error, if by the foregoing remark her entire testimony was intended. Looking at the context, however, we are warranted in concluding that he had in mind simply her testimony as to matters occurring prior to the death of the decedent, for in the opening of the discussion of the question he stated expressly that she was " a competent witness to testify as to any occurrences since the death of the testatrix."

The ground upon which it is argued that she was a competent witness as to matters occurring before the death is, that she was cross-examined to such matters. It is to be noticed, however, that she was not called for cross-examination under the statute, as was the case in Shadle's Estate, 30 Pa. Superior Ct. 151, upon which the counsel for the appellant relies. But even though it was not expressly stated that she was called as if under cross-examination under the statute, yet if the adverse party under the guise of cross-examination went beyond the legitimate scope thereof, and required her to testify as to matters occurring before the decedent's death, concerning which she had not been examined in chief, the authorities show that ordinarily this would render her competent to testify in her own behalf as to any relevant matter. But this is not such a case. When she was called to testify in support of her claim that the jewelry in question was given to her by the decedent, objection was made to her competency, whereupon her counsel stated that he did not propose to ask her as to anything that took place with the decedent. Her testimony was then taken subject, however, to the objection to her competency, and this appears affirmatively in the official record of the proceedings.

But her counsel did not confine the examination of her to matters occurring after the death of the testatrix, but went into matters occurring before, and the auditing judge examined her still more fully as to such matters. This action of the claimant naturally led to cross-examination upon the same matters. Under the circumstances, the course of the adverse party in thus cross-examining her cannot, with fairness, be regarded as a waiver of the objection subject to which her entire testimony was taken; nor does it bring the case within the principle of the common-law rule that a party calling and examining generally an incompetent witness, and having the benefit of his testimony cannot object to his competency when called by the other side as to other relevant matters. The case of Robinson v. Buck, 71 Pa. 386, upon which the appellant's counsel relies, is not in conflict with the foregoing conclusion. There, there was no reservation of the question of competency, and yet it was said by SHARSWOOD, J., that if the testimony which the witness gave after his admission was such as he was incompetent to give, it should have been specially objected to, " or the judge afterwards asked to direct the jury to disregard it." Here, as we have seen, the auditing judge had expressly reserved the right to pass upon the questions legitimately arising under the objection when he came to a final decision of the case, and we think it sufficiently clear that both parties must have understood that the testimony was taken subject to this reservation. We therefore conclude that the auditing judge and the court were fully warranted in disregarding the testimony of the claimant as to matters occurring before the death of the decedent. We remark in addition that it does not appear that there was any request for a reconsideration or rehearing of the case based upon the ground of surprise.

The incompetent testimony of the claimant being excluded there was no error in the conclusion that she had not established a title to the property in question.

All of the assignments of error are overruled, the decree is affirmed, and appeal dismissed at the costs of appellant.