Dougherty *v.* Allegheny County, Appellant.

240

Argued March 31, 1952. Before Drew, C. J.,
Stearne, Jones, Bell, Chidsey and Musmanno, JJ.

*John W. Mamula,* Assistant County Solicitor, with
him *Nathaniel K. Beck,* County Solicitor and *Joseph
A. Cirillo,* Assistant County Solicitor, for appellant.

*James A. Wright,* with him *A. Wilson McCandless,*
for appellee.

Opinion by Mr. Chief Justice Drew, April 22,
1952:

On this appeal, defendant, the County of Allegheny,
has assigned as error the admission into evidence in
a condemnation proceeding of certain testimony of a
real estate expert as to the separate value of plaintiff,
Jessie A. Dougherty's land and the buildings thereon.
The trial court overruled defendant's objection to this
testimony and refused its motion to strike the evidence
from the record.   On cross-examination, defendant,
after stating that it was reserving whatever rights it

might have with respect to its objection to the witness' valuation breakdown, proceeded to question the witness, Alfred S. Hirshberger, as to how he arrived at his figures. On this appeal from an order refusing defendant's motion for a new trial, plaintiff now argues, in reply to defendant's contention, that, even if the lower court erred in admitting this evidence, defendant cannot avail itself of this error because it has, by cross-examining the witness on the same subject matter, waived whatever right it might have to object. With this conclusion we cannot agree.

In a long series of cases of which the most recent is *Spiwak v. Allegheny County*, 366 Pa. 145[1], this Court has consistently held that the measure of damages in condemnation proceedings is the difference in the value of the property before and after the taking. In allowing Hirshberger's testimony to be introduced into evidence, the lower court, therefore, erred. However, since the evidence was then before the jury for its consideration, defendant had a right to question Hirshberger, without prejudice, as to how he arrived at his valuation. Having announced that it was reserving such rights as it had to further object to the admission of the evidence in question, defendant cannot be said to have waived its rights to press this error as a reason for a new trial. Defendant did not adopt Hirshberger's testimony as its own but questioned the witness concerning it only in order to attack his competency and credibility as to that evidence. This clearly did not amount to a waiver by defendant of its objection or of its right to a new trial on the ground of this reversible error. See *Goehring's Estate*, 263 Pa. 47, 106

---

[1] *Kleppner v. Pgh., B. & L. E. R. R. Co.*, 247 Pa. 605, 93 A. 765; *Hamory v. Penna. etc. R. R. Co.*, 222 Pa. 631, 72 A. 227; *McSorley v. Avalon Boro. School Dist.*, 291 Pa. 252, 139 A. 848, are a few of the cases.

242

A. 60; *DeSilver's Estate,* 32 Pa. Superior Ct. 174. In holding that defendant had waived its right to object and could not now complain about the admission of this testimony, the learned court below erred.

Judgment reversed and a new trial granted.