Springer *v.* Allegheny County, Appellant.

558

Argued October 3, 1960. Before Jones, C. J., Musmanno, Jones, Cohen, Bok and Eagen, JJ.

reargument refused December 15, 1960.

*Francis A. Barry,* First Assistant County Solicitor, with him *Maurice Louik,* County Solicitor, for appellant.

*John A. Metz, Jr.,* with him *Mayer Sniderman,* and *Metz, Cook, Hanna & Kelly,* for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, November 15, 1960:

The defendant county appeals from the order of the court below granting a new trial, on the plaintiff's motion, in an action for the assessment of damages for the county's appropriation of property of the plaintiff in an exercise of its power of eminent domain.

The property involved embraced 69 acres, more or less, of unimproved land in Findlay Township, Allegheny County, situate on a township road. A small portion of the surface had been stripped for the removal of underlying coal and most of the remaining surface was covered with brush and other undergrowth. As above indicated, there were no buildings or other structures on the property which, throughout its length, was subject to an easement for a traversing 10-inch high-pressure commercial gas line.

The trial judge set aside the jury's verdict for the plaintiff by awarding a new trial for the following assigned reasons: (1) the verdict was against the weight of the credible evidence, (2) defendant's counsel made prejudicial remarks in his opening to the jury, and (3) the trial judge erred in charging the jury with respect to damages for delay in payment for the property taken.

Counsel for the plaintiff reminds us of the well established rule that, before the granting of a new trial will be reversed, the appellant must show that the trial court was guilty of a palpable abuse of discretion or

based its action upon an erroneous application of the law, citing *Jess v. McMurray*, 394 Pa. 526, 527-528, 147 A. 2d 420. Fully mindful of this rule, we find no merit in any of the reasons assigned by the court below as justification for the new trial order.

At trial, the plaintiff introduced opinion evidence of three real estate appraisers that the fair market value of the property at the time of the taking was $210,000, $205,000 and $206,000, respectively. The owner himself testified to a fair market value of $225,000. The county called two real estate appraisers who gave as their separate opinions that the fair market value of the property at the time of the condemnation was $48,500 and $50,000. The jury returned a verdict for the plaintiff in the sum of $76,000. The board of view had awarded the plaintiff $86,296.50. Each of the parties appealed from the viewers' award to the court of common pleas where both actions were consolidated for the trial involved on the instant appeal.

The lower court's assumption that the verdict was against the weight of the *credible* evidence transgressed the bounds of the judicial function. The *credibility* of the oral testimony, which was concerned with the fair market value of the property, was peculiarly for the jury to appraise and not for the court. Nor can it properly be said that the verdict was against the weight of the evidence. The value of the land appropriated was the only substantial issue that the jury had to resolve. There was no dispute as to the extent of the property taken nor its location, condition, topographical characteristics or the plaintiff's right to recover its fair worth. In arriving at a just determination of the fair market value, the jury had as criteria the customarily widely disparate opinions of the real estate experts who testified for the respective sides. It was the province of the jury to weigh the credibility of the

valuation witnesses' testimony and to determine what the land taken was fairly worth at the time of the condemnation. The jurors had a right to, and undoubtedly did, bring to bear, in appraising the expert testimony, what they had perceived with respect to the property at the time they formally viewed it for trial purposes and, further, exercised their own good common sense. To overthrow the verdict on the ground that it was against the weight of the evidence would, in the light of the record, amount to a judicial usurpation of the jury's province.

As in the case of *Decker v. Kulesza,* 369 Pa. 259, 85 A. 2d 413, we find it impossible to consider the verdict as being against the weight of the evidence. True enough, there was conflicting testimony from the various witnesses who testified for the respective sides. But, a new trial is not to be granted merely because of a conflict in the evidence. That rule has been reiterated and applied many times. See, e.g., *Jones v. Williams,* 358 Pa. 559, 564-565, 58 A. 2d 57; *Wilson v. Kallenbach,* 332 Pa. 253, 255, 2 A. 2d 727; *Harmer v. American Railway Express Co.,* 269 Pa. 271, 272, 112 Atl. 449; *Kennelly v. Waropoyak,* 266 Pa. 94, 96, 109 Atl. 608. The real estate experts produced by the county were admittedly well qualified to render their opinions of the property's fair market value. In fact, the trial judge specifically recognized that one of the county's two real estate experts had "good qualifications" and that the other was "well qualified." It was not proper for the court en banc to act upon an unwarranted assumption that these witnesses were not as credible as the witnesses produced by the plaintiff. Yet that is exactly what the court did by presuming to appraise the relative *credibility* of the opinion witnesses. In the existing disparity between the experts as to the fair market value of the property, only the

jury could competently determine which of such testimony was worthy of being reckoned with, and to what extent, as a guide to a just finding. See *Crumrine v. Washington County Housing Authority*, 376 Pa. 234, 238, 101 A. 2d 676.

If what the court meant by its reference to the *credible* evidence was that the jury should have given greater effect to evidence adduced by the plaintiff and returned a larger verdict, it is to be noted that the verdict was not so disproportionate to what the board of view had awarded the plaintiff as to justify the trial court in concluding that it was inadequate. Cf. *Mazur v. Commonwealth*, 390 Pa. 148, 151-152, 134 A. 2d 669. After all, at $76,000, the verdict was still $26,000 more than the higher of the county's two valuation witnesses whose testimony apparently was more helpful to the jury in arriving at a proper conclusion than was that of the plaintiff's experts.

The alleged improper remarks of counsel for the defendant, which the court below has assigned as a reason for the new trial order, were never placed on record until counsel for the plaintiff filed his motion for a new trial following the rendition of the jury's verdict. In other words, the remarks, thus belatedly attributed to counsel for defendant (who categorically denies ever having uttered them), were not made a matter of record either at the time of their alleged utterance or at any other time during the course of the trial, but first came into the case in the plaintiff's 8th reason for a new trial which was as follows: "8. The Defendant's Counsel in his opening remarks to the Jury stated * * * And you must remember 'this is Taxpayers money * * * you are giving away Taxpayers money.'" Just what the deletions, which the asterisks indicate, were does not appear. The court below, although expressly recognizing that no objection had

been made by plaintiff's counsel at the time of the statement and that counsel should have moved for the withdrawal of a juror, nevertheless concluded that "the comment was so fundamentally prejudicial that a new trial should be awarded" and entered an order accordingly. Such action was plainly error.

The procedure for bringing alleged improper remarks of counsel at trial upon the record in order that they may be made the predicate of an assignment of error on appeal is well established and, in the interest of fairness, must be scrupulously followed. Specifically, it is incumbent upon complaining counsel to except promptly to offending remarks, when made, and move forthwith for the withdrawal of a juror. If the motion is denied, counsel is then in position to assign for error on appeal the court's refusal so to act and thus have the alleged impropriety of the excepted-to remarks or comments passed upon by the appellate court. If complaining counsel wishes, however, not to have the trial continued and, consequently, refrains from moving the court for the withdrawal of a juror, but excepts none the less to the opposing counsel's remarks, he should thereupon request the court to instruct the jury to disregard the alleged improper matter. The court's refusal so to do, if excepted to, would likewise be reviewable on appeal as a ground for a new trial.

With respect to a lower court situation, somewhat analogous to the present, this court said,—"If it appeared from the record that counsel for appellees was guilty of the bad faith charged to him by the seventh assignment of error, we would unhesitatingly reverse this judgment. The record, however, does not only not disclose the misconduct complained of . . . but *the charge is unqualifiedly denied by the accused.* In Commonwealth v. Weber, 36 W.N.C. 193, and Holden

v. Penna. R. R. Co., 169 Pa. 1, we have clearly indicated how objectionable remarks of counsel can be made part of the record brought up for review, and *if, in this case, such remarks were made, counsel now complaining of them failed to do what he ought to have done when they were uttered.": Guckavan v. Lehigh Traction Co.*, 203 Pa. 521, 525, 53 Atl. 351. (Emphasis supplied).

In *Narciso v. Mauch Chunk Township,* 369 Pa. 549, 554, 87 A. 2d 233, the sine qua non of a timely exception and motion in respect of alleged improper remarks of counsel was plainly recognized where we said that, "It is unquestionably true that remarks of counsel cannot form a basis for a new trial in the absence of timely objection [citing cases]." In *Padden v. United Association of Plumbers,* 168 Pa. Superior Ct. 611, 618, 82 A. 2d 327, counsel urged as error on appeal alleged improper remarks of opposing counsel, to which complainant had not excepted at trial. The contention was rejected on the ground that "The record does not show that such alleged remark was made, or that there was any objection by appellant's counsel. Appellant's failure to properly raise the point precludes consideration on this appeal. [citing cases]." Again, in *Becker v. Stern,* 116 Pa. Superior Ct. 399, 405, 176 Atl. 771, where it was alleged that plaintiff's counsel in his argument to the jury had improperly characterized the defendant, the court dismissed the assignment because "No exception was taken at the time the alleged remarks were made, nor was any request made to withdraw a juror, nor was any request made to the trial judge to instruct the jury to disregard the remarks alleged to have been made. We do not think that the matter was properly brought on the record and is not, under the circumstances, a proper subject of assignment of error." So uniformly has the requirement for

predicating error upon alleged improper remarks of counsel at trial been applied that, even in a criminal case, it was held that the allegedly improper remarks of the district attorney in his closing address to the jury which "were not brought upon the record by an exception taken at the trial" could not be considered as a ground for a new trial: *Commonwealth v. Durlin,* 75 Pa. Superior Ct. 260, 266.

It is unnecessary to pursue the point further. Counsel for the appellee freely concedes that, if the record in this case as made at trial was all there was before us, he would have no standing whatsoever to urge the alleged improper remarks of counsel as justification for the new trial order. He urges, however, that this case is different since the court en banc, subsequent to verdict, constituted the alleged remarks, as set forth in the plaintiff's 8th reason for a new trial, a part of the record. For that action, there was no authoritative precedent and, certainly, no justification. If the well-founded rule, which prescribes the manner in which improper remarks of counsel at trial must be brought upon the record if they are to be made the basis of a subsequent charge of trial error, were to be extended by permitting a trial court, after verdict, to augment or amend the record in crucial part on the basis of a disputed issue of fact between counsel, the rule itself would soon be abrogated, trial records would have no permanence and counsel would be at the mercy of the trial judge.

Instead of accepting the alleged remarks as having been made, the court below should have rejected the allegation as a reason for granting a new trial since the record failed to show that such remarks were actually made during the course of the trial. No question of credibility between differing counsel over an unrecorded alleged oral statement of one of them at

trial should be injected into a case under circumstances such as this record reveals. The unfairness of finding that defendant's counsel made the remarks as ascribed by plaintiff's new trial motion is obvious. It serves to impeach the credibility of counsel who stoutly denied that he ever made the alleged remarks which, by their very nature, not only disparage his knowledge of the law (see *Narciso v. Mauch Chunk Township,* supra), but, worse still, impugn his professional ethics and his fidelity to the court. The self-serving averments of disappointed counsel after verdict in an ex parte motion filed cannot be permitted to effect such a drastic and unwarranted condemnation. That plaintiff's trial counsel knew exactly what he had to do in order to bring remarks of opposing counsel on the record, is conclusively evidenced by the happening in *Knight v. Allegheny County,* 377 Pa. 502, 503-504, 105 A. 2d 141, where he was likewise trial counsel for the plaintiff. There, he promptly and effectively put upon the record improper remarks of defendant's counsel, to which he objected, and, for which, he forthwith moved for the withdrawal of a juror. Refusal thereof by the trial judge constituted the error for which this court reversed and awarded the plaintiff a new trial.

The lower court's action in granting a new trial in the instant case for alleged improper remarks of counsel at trial, which were never properly made a part of the record, was plainly error.

The portion of the trial judge's charge with respect to compensation for delay in payment of the damages due for the property taken, which the court below assigned as the third reason for granting a new trial, was as follows: "If a person makes an unreasonable demand upon the defendant for property condemned or destroyed, and if you believe it is entirely unreasonable, unjustified, not warranted, then you wouldn't al-

low detention money." This was followed immediately by the court's adding,—"But in the average case if you believe both sides—the plaintiff's side is sincere in this effort, you would allow detention money not exceeding six percent." Later, the court virtually gave binding instructions for the plaintiff on the matter of compensation for delay in payment by charging the jury,—"There being no evidence to the contrary, as I said, *you must allow the plaintiff the interest at six per cent . . ."* for a then specified period of the withheld payment. (Emphasis supplied). And, the record is barren of anything from which it could even be inferred that the jury's verdict did not include damages for delay in payment. In no event was the plaintiff harmed and the charge objected to was, moreover, proper.

An exorbitant and unreasonable demand by an owner as the price for property condemned can be sufficient to warrant the jury in denying him damages for delay in payment for the value of the property taken. We squarely so ruled in *James v. West Chester Borough,* 220 Pa. 490, 499, 69 Atl. 1042, a condemnation case, where the appellant, by specific assignment of error complained "of the affirmance of defendant's thirteenth point for charge, by which the jury were instructed that plaintiff would not be entitled to have his damages increased because of delay in settlement, 'if the jury find his demand was so exorbitant and unreasonable as to make payment of his reasonable damages impossible.' " In affirming, we declared that— "No fault can be found with this instruction as a sound proposition of law. The evidence showed that in the action of trespass brought in 1904 by appellant against the defendant, he laid his damages at the sum of $20,000, and in the testimony in the present case the same amount is claimed. The jury found the actual damages to have been $2,800. Such a discrepancy

might well be deemed sufficient to warrant the jury in refusing to allow any additional sum for the delay in making settlement."

The foregoing ruling is peculiarly pertinent to the situation now before us. Here, the owner, as a witness at the trial, testified to a value of $225,000 for the property taken. On cross-examination, he said,—"I priced my ground at $225,000 and I have no apology to offer." And, his direct examination reveals that that was his price "as of November 8, 1956"—the date of the taking. The jury awarded him $76,000. Adapting the language of this court in the *James* case, supra, "Such a discrepancy might well be deemed sufficient to warrant the jury in refusing to allow any additional sum for the delay in making settlement." The portion of the charge complained of was, therefore, not error.

Again, in *Wayne v. Pennsylvania Railroad*, 231 Pa. 512, 80 Atl. 1097,—a land damage case—which, as the Report states, ". . . turned upon the instruction of the court as to amount of damages the plaintiff was entitled to for the delay of the railroad in settling with him for his land"—it was said at p. 515,—"If [the owner] has disappointed the law and stubbornly refused to name an amount which he would be willing to accept as compensation; or in the same spirit, has been extortionate in his demands, and has named a sum exorbitant and unreasonable, a jury might well find that he has himself unjustifiably provoked the delay and deny him all damages therefor."

In our more recent case of *Waugh v. Commonwealth*, 394 Pa. 166, 169, 146 A. 2d 297, we expressly recognized that "Detention money in eminent domain cases is not awarded as a matter of right but only as the circumstances of the particular case dictate that compensation for delay in payment should be made." And, we illustrated that statement with the following

footnote: "For instance, the condemnee's demand may have been so exorbitant as to justify the condemnor in refusing to pay or the condemnee may have been otherwise at fault", citing, inter alia, *James v. West Chester Borough,* supra, and *Wayne v. Pennsylvania R. R. Co.,* supra.

The case of (Jacob) *Hoffman v. Philadelphia,* 250 Pa. 1, 95 Atl. 322, which the appellee cites and from which his brief quotes extensively, does not derogate in any way from the principle approved in the *James* and *Wayne* cases, supra. The appellee cites the *Hoffman* case for the proposition that it was error for the trial court to permit the jury to consider the withholding of the detention money for the reason that there was no evidence in the record to support a conclusion that damages for delay in payment should not be included in the verdict. Of course, where there is no evidence that the property owner was exorbitant or unreasonable in his price for his property, the law does not presume him to have been so (*Wayne v. Pennsylvania Railroad Company,* supra), and there is nothing in such regard to submit to the jury. And that was the situation in the *Hoffman* case. There, the owner did not take the witness stand to testify to anything. Nor did his own valuation of his property otherwise appear in *evidence.* Obviously, he could not be found to have been exorbitant or unreasonable in his demands because of the valuations placed upon it by the expert witnesses he produced at trial. That the fact that the owner in the *Hoffman* case did not testify to his property valuation was crucial to the ruling was recognized in a case, growing out of the same condemnation, which came here later, (Benjamin) *Hoffman v. Philadelphia,* 261 Pa. 473, 474, 104 Atl. 674, where it was pointed out that "He [the owner] was not called as a witness in the case, and there was, therefore, nothing from him to indicate what sum he had claimed."

There could hardly be a clearer case than the present for submitting to the jury the question as to whether the owner was entitled in the circumstances to 'damages for delay in the payment of the compensation due him for his property. The fact is that the court below charged more favorably to the plaintiff on the question of damages for delay in payment than the evidence warranted.

The new trial ordered is reversed and the record remanded for the entry of judgment on the jury's verdict.