## Baker, Appellant, v. Commonwealth of Pennsylvania, Department of Highways.

Argued October 3, 1960. Before JONES, C. J., MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*John E. Costello,* for appellant.

*Howard F. Carson,* Special Assistant Attorney General, with him *Robert W. Cunliffe,* Assistant Attorney General, *John R. Rezzolla, Jr.,* Chief Counsel, and *Anne X. Alpern,* Attorney General, for Commonwealth, Department of Highways, appellee.

OPINION BY MR. JUSTICE EAGEN, November 15, 1960:

This is an appeal from an order of the court below granting a new trial in a land damage case.

The Commonwealth of Pennsylvania, through its Department of Highways, condemned 3.097 acres of land owned by the plaintiff for purposes of widening and improving a public highway (conversion of a four-lane general access highway into a four-lane limited access highway). An additional one-fifth of an acre was severed and rendered useless to the plaintiff by the taking. The total acreage owned by the plaintiff at the time was approximately thirty-six acres of what originally had been a forty-three acre tract. Approximately four and one-half acres of this tract had previously been deeded to a son by the plaintiff. Before the taking, the land had a frontage of one hundred feet on the four-lane highway. However, a depression of eight to ten feet deep in the ground parallelling this frontage about twenty-five feet from the highway, plus the fact that a creek crossed this strip of land one hundred and fifty feet distant from the highway, made entrance to the highway over this frontage difficult.

This was circumvented by the use of a right-of-way reserved in the deed by the plaintiff to his son, mentioned above. After the taking, no frontage existed and access to the highway was only possible through the use of a ramp which increased traveling distance. There were fills and cuts, and the channel of the creek, referred to above, located on the portion of the land taken, was changed. The watering of beef-cattle at this creek was no longer possible. The changing of grade placed the dwelling house on plaintiff's land at a lower level than the road.

Viewers awarded the plaintiff damages in the sum of $12,500. The Commonwealth appealed. After trial in the common pleas court, the jury awarded the plaintiff the sum of $19,000. The court en banc, holding the award to be excessive and expressing the fear that an unjust result was caused by the influence on the jury of the incompetent testimony of one of plaintiff's expert witnesses, directed that the plaintiff file a remittitur for all sums in excess of $12,875 and, if not filed, an order granting a new trial would be entered. (While the printed record does not show the entry of an order for a new trial, we will treat the directive referred to as a final order). Charging that the lower court erroneously substituted its judgment for that of the jury, this appeal is prosecuted.

We find no abuse of discretion in the court's conclusion granting a new trial. To reverse such action, it must clearly appear that the court acted capriciously, arbitrarily, improvidently or palpably abused its discretion: *Morris v. Commonwealth*, 367 Pa. 410, 80 A. 2d 762 (1951) ; *Young v. Upper Yoder Twp. Sch. Dist.*, 383 Pa. 320, 118 A. 2d 440 (1955) ; *Beal v. Reading Co.*, 370 Pa. 45, 87 A. 2d 214 (1952) ; *Braughler v. Commonwealth*, 388 Pa. 573, 131 A. 2d 341 (1957). A study of the record does not so indicate.

The land of the plaintiff was located on hilly terrain which made it unsuitable for commercial or industrial development. Even for farming purposes, the value of the land taken is in serious dispute. Great expense would necessarily be entailed in correcting this unfavorable condition. More suitable land was available in the area according to the testimony of one witness at a price much less than the estimated market value plaintiff and his witnesses placed on the land involved. Access to the highways in all directions from plaintiff's land is now more conducive to safety. In evaluating the legal correctness of an order granting a new trial by determining whether the lower court abused its discretion, all of the evidence presented at the trial must be considered: *Ferruzza v. Pittsburgh,* 394 Pa. 70, 145 A. 2d 706 (1958); *Clewell v. Pummer,* 388 Pa. 592, 131 A. 2d 375 (1957).

In the instant case there was substantial variance between the award of the viewers and that given by the jury. While this factor is not controlling, it is a circumstance to be considered in a situation as herein presented. *Schuster v. Pennsylvania Turnpike Commission,* 395 Pa. 441, 149 A. 2d 447 (1959). There was also substantial variance as to values in the opinion evidence of the real estate experts called by the parties. One such witness called by the plaintiff, a cashier of a local bank (Kennedy) evaluated the land taken at $18,749. This testimony more nearly approximated the amount of the jury's award than that of other witnesses. But this testimony was patently incompetent. While explaining on cross-examination the factors he took into consideration in determining the land value, he (Kennedy) said that he considered the amenity of the property (i.e., sentimental value) and that he did not consider the effect of the taking on the land as a whole. Counsel for the Commonwealth promptly moved

to strike this testimony from the record, which the trial judge refused to do. This was error. While the jury later, in the course of the charge, was instructed that no sentimental values were to be considered in fixing the amount of the damage suffered and the trial court further stated, in reference to the testimony of the witness, "I am going to let you consider what he said, but his evidences of value, we cannot consider them", this was not sufficient. The testimony of the witness was incompetent: *Peterson v. Pbgh. Pub. Parking Auth.,* 383 Pa. 383, 119 A. 2d 79 (1956) ; *Spiwak v. Allegheny County,* 366 Pa. 145, 77 A. 2d 97 (1950) ; *Dougherty v. Allegheny County,* 370 Pa. 239, 88 A. 2d 73 (1952). Its doubtlessly prejudicial effect on the Commonwealth's case rendered its improper admission reversible. It should, therefore, have been stricken from the record and the jury should have been told in clear and explicit language to disregard it.

There was no abuse of discretion in awarding a new trial.

The order is, therefore, affirmed.