426

Mott *v.* Commonwealth of Pennsylvania, Department of Highways, Appellant.

Argued April 28, 1964. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Edward D. Werblun,* Assistant Attorney General, with him *Michael R. Deckman,* Assistant Attorney General, *John R. Rezzolla, Jr.,* Chief Counsel, and *Walter E. Alessandroni,* Attorney General, for Commonwealth, appellant.

*John Alan Conte,* with him *Conte & Courtney,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, March 16, 1965:

On June 22, 1960, the Commonwealth, in the exercise of its power of eminent domain, condemned certain land belonging to the plaintiff-appellee.

Appellee's property is between a State Highway and a creek, and contained an area of 1.27 acres before taking. The property has a frontage of approximately 200 feet on the highway, and had a depth of 105 feet. The Commonwealth took 23 feet in depth along the 200 foot frontage to widen the highway, thus reducing the usable depth to 82 feet. In addition to the area on the highway taken, an additional area of 980 square feet was taken for a 36-inch storm sewer right-of-way, which was 10 feet in width and 98 feet in length.

Appellee testified as to values and also called a consulting engineer. The consulting engineer testified as to certain things that he considered necessary for the rehabilitation of the property, and also estimated the cost of doing this work.

The plaintiff, in addition to his own testimony as to the value of the property before and after the condemnation, also called a real estate expert, who testified that he took into consideration the factor of the rehabilitation costs estimated to be necessary to restore the property for the maximum use, in arriving at his estimate of the damages incurred by the plaintiff.

The appellee, the property owner, testified that the property had a fair market value of $75,000 before the

condemnation, and that after the condemnation, the market value was $25,000, leaving a damage of $50,000. The jury returned a verdict for the plaintiff in the total amount of $27,500, and denied detention damages.

The Commonwealth, appellant, raises two questions: (1) Did the lower court err in admitting the testimony of a witness as to estimated *costs* of specific items of damage? (2) Did the lower court err in entering judgment n.o.v. for *detention money* when the property owner testified to damages and the jury did not award detention damages?

The lower court in its opinion said: "While 'the power of eminent domain is inherent in the sovereignty of the state' . . . it 'must be exercised subject to applicable constitutional provisions and in accord with statutes regulating procedure . . .' (13 P.L.E. Eminent Domain §3, page 219). Peters v. Reading, 321 Pa. 220, 221. One of the statutes regulating procedure is the Act of 1915, April 21, P. L. 159 (26 P.S. §101) entitled 'An Act Relating To The Competency of witnesses and to the rule of evidence in proceedings arising from the exercise of the right of eminent domain.' The Act has been repealed so far as it relates to townships, boroughs, cities (except those of the first class) and third class cities, but so far as our research has revealed is otherwise in effect and is all inclusive being applicable 'In all proceedings arising from the exercise of the right of eminent domain . . .' The provisions of Section 1 of the Act here applicable read as follows: 'In all proceedings arising from the exercise of the right of eminent domain it shall be competent for all witnesses called, when duly qualified, to state their opinion as to the market value of the property before the exercise of the right of eminent domain and as unaffected by it, and its market value immediately after the exercise of the right of eminent domain and as affected thereby:—(a) To state in detail, *and costs,* all

the elements of benefit or damage which they have taken into consideration in arriving at their opinion;'. Moreover, while there are decisions of our Supreme Court which seem to the contrary, viz., Brown v. Com., 399 Pa. 156, 159, Kerstetter v. Com., 404 Pa. 168, 172, Hasenflu v. Com., 406 Pa. 631, 639, we are of the opinion that the applicable rule in this case is that set forth in Kersey v. Sch. River E.S.R. Co., 133 Pa. 234, Hahn v. City of Bethlehem, 322 Pa. 129, Parry v. Cambria & Indiana R.R. Co., 247 Pa. 169, Bridgman v. Phila., 317 Pa. 449 and Pittsburgh Terminal Warehouse & Transfer Co. v. Pittsburgh, 330 Pa. 72. In this last mentioned case the Supreme Court, speaking through Justice (later Chief Justice) STERN after referring to the Act of 1915, stated the applicable rules of evidence to be followed in this language; '*As far as "costs" are concerned, there is no doubt—and it always has been held—that actual outlays and estimates of necessary construction work may be given in evidence*, not as independent and distinct items of damage, but as elements bearing on the difference between values before and after the exercise of the right of eminent domain: . . . But as to "elements of benefit or damage" which are not susceptible of accurate mathematical determination, the rule must necessarily be otherwise, and, while the act gives the right "to state in detail" such elements, it manifestly was not intended thereby to permit their itemized reduction to dollars and cents, and thus to give a greater measure of plausibility to the estimate of total damage by making it appear to have been scientifically determined by the arithmetical addition of a number of specific items of damage, each of which in itself is necessarily only an expression of opinion and not factual evidence.' We are of the opinion that under the rule above quoted in the Pittsburgh Terminal case as well as the applicable statute of 1915 that these cost figures, being estimates of necessary

construction work required to utilize the remaining land, were properly admitted for the jury's consideration, not as distinct items of damage but as elements bearing on the before and after values of this particular exercise of the right of eminent domain." (Emphasis in original.)

This court being equally divided as to the propriety of the introduction of evidence of estimated costs of specific items of damage to rehabilitate the property, under the law existing at the time of the trial of this action, the ruling of the lower court is affirmed.[1]

With regard to the contention of appellant, in the second question raised, as to the entering of judgment n.o.v. for detention money after a rejection of any award of detention damages by the jury, the court did commit error. Appellee, the property owner, testified to damages amounting to $50,000. The jury returned a verdict in the total amount of $27,500 and specifically denied any claim for detention damages. The charge of the court was proper and was a correct pronouncement of the law. The jury, however, rejected the claim for detention damages, and, in this respect, acted within the proper exercise of its right to deny detention damages if it believed the claim of the property owner to be exorbitant. It is true there was no evidence offered by the Commonwealth to prove that the property owner's demands were excessive or unreasonable. Nor was any evidence offered to show that the property owner refused to negotiate a reasonable settlement. It was not necessary for the Commonwealth to specifically introduce evidence to show an excessive or unreasonable demand when the property owner testified as to the damages suffered. The jury could take the testimony submitted and determine from that evidence

---

[1] Cf. Eminent Domain Code, 1964, June 22 (Spec. Sess.) P. L. 84, 26 P.S. §1-705(2)(V).

that the demand was excessive and unreasonable and refuse to award detention damages.[2] The jury evidently did this very thing for its verdict specifically stated that no verdict would be given for this item by stating *"without detention"*. The court should not have granted an award for detention in the face of the finding of the jury. This case is distinguishable from *Wolf v. Com.*, 403 Pa. 499, 170 A. 2d 557 (1961). In *Wolf*, the owners did not testify as to the damages incurred by the condemnation. (See *Kelly v. Allegheny County Redevelopment Authority*, affirmed per curiam in 407 Pa. 415 and reported in 26 Pa. D. & C. 2d 662, 1962).

We will, therefore, reinstate the verdict in the total amount of $27,500 without detention damages, and, of course, the appellee, the property owner, is entitled to interest at the rate of six (6%) percent per annum from the date of the verdict, May 8, 1963[3] on any unpaid portion of this award. The judgment as modified is affirmed.

Mr. Chief Justice BELL concurs in the result.

---

[2] *Springer v. Allegheny County*, 401 Pa. 557, 567-569, 165 A. 2d 383 (1960).

[3] *Wolf v. Com.*, 403 Pa. 499, page 507, 170 A. 2d 557 (1961), overruling *Culver v. Com.*, 348 Pa. 472, 35 A. 2d 64 (1944).