Perkins et al., Appellants, *v.* Commonwealth, Department of Highways.

Argued September 10, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and CERCONE, JJ. (SPAULDING, J., absent).

*Richard M. Hughes, II,* with him *Jonathan C. Valentine,* for appellants.

*David A. Johnston, Jr.,* Assistant Attorney General, with him *William C. Sennett,* Attorney General, for Commonwealth, appellee.

Opinion Per Curiam, November 12, 1969:
Judgment affirmed.

———

Concurring and Dissenting Opinion by Hoffman, J.:

This is an appeal from a judgment in the lower court in a condemnation matter.

Plaintiffs-appellants were the owners of 98.64 acres in Plains Township, Luzerne County, Pennsylvania. On October 5, 1961, the Department of Highways condemned 4.52 acres of this property for highway purposes. Appellants thereupon filed a petition for the appointment of a Board of View. A Board of View was appointed and filed an award in the amount of $21,000.00, plus detention damages, on December 22, 1966. An appeal from the Board's award was filed by the Commonwealth in the Court of Common Pleas of Luzerne County.

At trial, the jury returned a verdict of $4,500.00 without detention damages. Motions for new trial were denied and judgment was entered. This appeal followed on the grounds that: (1) the verdict was insufficient and not in accordance with the evidence pre-

sented; and (2) the jury should have awarded detention damages.

Having carefully reviewed the testimony, I agree with the majority that the jury's verdict of $4,500.00 is supportable in light of the evidence at trial and need not be reversed. I believe, however, that the jury erred in failing to award detention damages.

Detention damages in condemnation cases are paid to condemnees as compensation for delay in payment. Our Supreme Court has held, however that "[d]etention money in eminent domain cases is not awarded as a matter of right but only as the circumstances of the particular case dictate that compensation for delay in payment should be made. . . . For instance, the condemnees' demand may have been so exorbitant as to justify the condemnor in refusing to pay or the condemnee may have been otherwise at fault." *Springer v. Allegheny County*, 401 Pa. 557, 568-569, 165 A. 2d 383 (1960).

The lower court correctly charged the jury that unless the delay was caused by appellants' exorbitant demand, they must recover detention damages. The jury apparently found that the delay was caused by appellants.

The record, however, does not support the finding of the jury in this regard.

Clear and uncontradicted testimony was presented as to the reason for the delay in payment. The condemnation occurred on October 5, 1961. Clement W. Perkins, one of the owners, testified that two Commonwealth appraisers first talked to him with regard to appraising the property on or about October 3, 1963, two years after the condemnation. He supplied them with maps and information and never heard from them again. He further testified that on April 13, 1964, Mr. Keating (one of the Commonwealth's expert witnesses) phoned and said that Mr. Keating and Mr. Seigle (al-

476

so an expert witness for the Commonwealth) had been appointed to represent the Commonwealth.. Mr. Perkins took them over the property and supplied them with maps. Mr. Perkins had no further contact with any representative of the Pennsylvania Department of Highways until October, 1964.

This testimony of Clement W. Perkins was corroborated by the testimony of both Joseph Keating and John J. Seigle, who were Commonwealth witnesses. They testified that in 1964, due to the workload in Luzerne County, the previous appraisers were unable to complete their appraisals in a reasonable time. As a result, this appraisal work was assigned to them. The first time that they were on the property was in April, 1964.

From the testimony of these three witnesses, two of whom were Commonwealth witnesses, it is apparent at the very least, the delay from 1961 to 1964 was caused by the Commonwealth and not by the landowners. The Commonwealth, moreover, concedes this fact.

The landowners were entitled to request a Board of View hearing and the Board of View found a figure, more consistent with the landowner's expert testimony than with that of the Commonwealth's. While it is true that the testimony of the appellants' experts assigned a figure for damages which was approximately four times greater than the verdict of the jury, the Commonwealth's witnesses assigned a figure for damages which was less than one-quarter of the amount actually allowed by the jury. The Commonwealth's valuation, therefore, was equally incommensurate with the jury's verdict. In such circumstances, appellants had the right to reject it and petition for a Board of View. Certainly, the Commonwealth may not claim that the delay is caused by the excessive demand of the

landowner, when such delay was equally the result of its own inadequate appraisal.

The further delay arising out of the appeal to the courts is attributable, therefore, to the Commonwealth, which took the appeal, rather than to the landowner.

In short, three years delay from 1961 to 1964, was caused by the Commonwealth's failure to appraise the property. The delay from 1964 was caused by the Commonwealth's appeal from the finding of the Board of View. The facts in this case, therefore, do not support the denial of detention damages on the ground that the appellants caused a delay in payment.

Accordingly, I would reverse the judgment of the lower court, in part, and award detention damages to the appellants.