Poulos *v.* Commonwealth, Appellant.

Argued March 18, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Andrew L. Weil,* Special Assistant Attorney General, with him *John R. Rezzolla, Jr.,* Deputy Attorney General, and *William C. Sennett,* Attorney General, for Commonwealth, appellant.

*Harry S. Kalson,* for appellees.

OPINION BY MR. JUSTICE JONES, May 27, 1970:

On August 31, 1953, George J. Poulos and Lena Poulos, his wife, (plaintiffs) purchased an undeveloped 27.76 acre piece of ground in Allegheny County for $10,000. The property had 550 feet of frontage on the

Airport Parkway, and a 1224 foot boundary with the Nelson Industrial Park in the rear.

The Commonwealth of Pennsylvania, on January 8, 1962, condemned 1.38 acres of the plaintiffs' land (approximately 5% of the total) and eliminated all access for the property to the Airport Parkway.

A board of viewers awarded damages for the taking of $31,300, plus $4,466 in detention damages. The plaintiffs appealed from that award to the Court of Common Pleas of Allegheny County, and a jury trial was held in October of 1965. At trial, the plaintiffs' two experts estimated the amount of damages at $245,000 and at $230,000, whereas the Commonwealth's expert estimated damages of only $16,200. The judge and jury also had a "view" of the premises, as provided for by the Act of May 21, 1895, P. L. 89, §2, 26 P.S. §82. *Cf.* Act of June 22, 1964, Special Sess., P. L. 84, art. VII, §703, as amended, December 5, 1969, P. L.    , §1, 26 P.S. §1-703(1) (Supp. 1970). Following a lengthy and comprehensive charge by the court, the jury returned a verdict of $25,000 and refused to assess detention damages.

The plaintiffs filed a motion for a new trial on May 2, 1966, which motion was not acted upon until March 3, 1969, almost three years later. The court then granted a new trial, solely because of an allegedly inadequate verdict.

The Commonwealth has appealed directly to this Court, pursuant to the Eminent Domain Code, Act of June 22, 1964, P. L. 84, art. V, §523, 26 P.S. §1-523 (Supp. 1970), claiming that the grant of a new trial was an abuse of discretion.

Neither party to this appeal contends that any trial errors were committed, and our sole consideration is whether the lower court properly found the jury verdict to be so inadequate as to require a new trial. The

controlling principles of law were summarized by this Court in the case of *McConn v. Commonwealth, Dept. of Hwys.*, 431 Pa. 574, 577, 246 A. 2d 677 (1968), as follows: "(1) in the exercise of its discretion, a court may set aside a verdict and grant a new trial if the verdict is excessive or inadequate (*Baker v. Commonwealth*, 401 Pa. 512, 165 A. 2d 243 (1960); *Mazur v. Commonwealth*, 390 Pa. 148, 134 A. 2d 669 (1957)); (2) to reverse the action of a court granting a new trial 'it must clearly appear that the court acted capriciously, arbitrarily, improvidently or palpably abused its discretion' (*Baker*, supra, p. 514 and authorities therein cited); (3) in passing upon the propriety of the grant of a new trial, all of the evidence must be taken into consideration (*Baker*, supra, p. 515; *Ferruzza v. Pittsburgh*, 394 Pa. 70, 145 A. 2d 706 (1958)); (4) 'The credibility of the oral testimony which was concerned with the fair market value of the property was peculiarly for the jury to appraise and not for the court' (*Springer v. Allegheny County*, 401 Pa. 557, 560, 165 A. 2d 383 (1960)); (5) in passing upon the adequacy or inadequacy of the verdict, the award of the board of view, while a circumstance to be considered, is not controlling (*Chiorazzi v. Commonwealth*, 411 Pa. 397, 400, 192 A. 2d 400 (1963); *Schuster v. Pennsylvania Turnpike Commission*, 395 Pa. 441, 149 A. 2d 447 (1959))."

Initially, we note that, under the law as it existed at the time of condemnation, a jury could properly refuse to award detention damages if it were to find that the delay in payment was due to the condemnee's excessive and unreasonable demands.[1] *Mott v. Commonwealth, Dept. of Hwys.*, 417 Pa. 426, 207 A. 2d 872

---

[1] Compensation for delay in payment was made a matter of right under the new Eminent Domain Code. Act of June 22, 1964, P. L. 84, art. VI, §611, 26 P.S. §1-611 (Supp. 1970).

(1965). The jury in the instant case was so charged by the court, and did refuse to award detention damages. Their verdict, in this respect, was not questioned by the lower court in awarding a new trial, nor have either of the parties raised this issue on appeal.

As closely as we can determine, the lower court found the jury verdict to be inadequate because: (1) there was a "wide disparity" in the estimates of damages by the expert witnesses; (2) there was a "wide disparity" between the jury's award and the award of the Board of Viewers;[2] and (3) "[d]ue to the peculiar location of this 29 [sic] acre tract, it is now completely inaccessible to all vehicular traffic, for all intents and purposes, [so that this] large tract is practically of no further use to plaintiffs."

The following statement of this Court, in the case of *Springer v. Allegheny County*, 401 Pa. 557, 560-61, 165 A. 2d 383, 385 (1960), is appropriate in the case at bar. "The *credibility* of the oral testimony, which was concerned with the fair market value of the property, was peculiarly for the jury to appraise and not for the court. Nor can it properly be said that the verdict was against the weight of the evidence. The value of the land appropriated was the only substantial issue that the jury had to resolve. There was no dispute as to the extent of the property taken nor its location, condition, topographical characteristics or the plaintiff's right to recover its fair worth. In arriving at a just determination of the fair market value, the jury had as criteria the customarily widely disparate opinions of the real estate experts who testified for the respective sides. It was the province of the jury to weigh the credibility of the valuation witnesses' testimony and to determine what the land taken was fairly

---

[2] The jury actually reduced the award of the Board of Viewers by $6,300, or roughly 20%.

worth at the time of the condemnation. The jurors had a right to, and undoubtedly did, bring to bear, in appraising the expert testimony, what they had perceived with respect to the property at the time they formally viewed it for trial purposes and, further, exercised their own good common sense. To overthrow the verdict on the ground that it was against the weight of the evidence would, in the light of the record, amount to a judicial usurpation of the jury's province."

We have examined the instant record with care, and find the jury's verdict to be well-supported by the evidence, although there might also be substantial support for another verdict. See *St. Clair Cemetery Assn. v. Commonwealth*, 390 Pa. 405, 136 A. 2d 85 (1957). Under such circumstances, there being no specific allegations of trial error, it was improper for the court to act as a thirteenth juror and in awarding a new trial it abused its discretion.

Order reversed.

Mr. Chief Justice BELL and Mr. Justice O'BRIEN dissent and would affirm the grant of a new trial because they find no abuse of discretion.