## Senor et al. *v.* Rostraver Township Airport Authority.

Argued June 2, 1971, before President Judge BowMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and ROGERS.

*A. C. Scales*, with him *Henry E. Shaw, Scales, Shaw, Lyons & Ceraso*, and *Robert Palkovitz, Palkovitz & Palkovitz*, for appellants.

*Bernard S. Shire*, with him *Ezerski, Shire & Bergstein*, for appellee.

OPINION BY JUDGE WILKINSON, August 23, 1971:

This is a case involving the recovery of damages as a result of a taking by eminent domain. The Board of View awarded plaintiffs-appellants $140,000. Plaintiffs-appellants appealed to the Court of Common Pleas. Plaintiffs-appellants' two experts testified to the damages as being $425,000 and $400,000, respectively. Defendant-appellee's two experts testified to the damages as being $98,050 and $99,200, respectively. The judge and jury viewed the premises. The jury awarded plaintiffs-appellants $300,000. The court en banc, on motion, granted a new trial on the grounds that the verdict was excessive, unless plaintiffs-appellants remit

$125,000, thereby reducing the amount received by the plaintiffs-appellants to $175,000. Plaintiffs-appellants, having refused to accept the remittitur, appeal on the grounds that to award a new trial when there was testimony to support the award was an abuse of discretion, amounting to the court substituting its judgment of value for that of the jury. We do not agree with the position of plaintiffs-appellants and must affirm the court below.

The plaintiffs-appellants expressly base their appeal on the sole point that inasmuch as there was testimony of damages being as high as $425,000, the court abused its judicial discretion in granting the new trial unless plaintiffs-appellants accept damages of $175,000. It would seem to be a complete answer to this argument to cite cases before the Supreme Court of Pennsylvania where that court has approved granting a new trial based on the verdict being excessive, unless a remittitur was accepted, even though there was expert testimony of damages in an amount higher than the verdict. Two such cases are *Dague v. Commonwealth, Department of Highways,* 418 Pa. 340, 211 A. 2d 527 (1965) and *Young v. Upper Yoder Township School District,* 383 Pa. 320, 118 A. 2d 440 (1955). In *Dague,* the expert testimony spread from $9,000 to $31,000. The Board of View had awarded $18,200. The jury returned a verdict of $31,000. The lower court ordered a new trial unless plaintiff accepted a remittitur of $12,800, i.e., a verdict of $18,200. In *Young,* the spread of expert testimony was from $6,000 to $45,000. The Board of View had awarded $13,500. The jury verdict was $33,750. The lower court granted a new trial unless the plaintiff accepted a remittitur of $8,750, i.e., a verdict of $25,000. These two cases alone give more than ample support to the lower court's decision in the case before us and are a complete answer to the sole argument presented by plaintiffs-appellants.

In cases where the plaintiff refuses to accept a remittitur, especially when the amount is within the spread of the testimony as to damages, it is argued, as it is here, that the judge or judges are substituting their idea of the proper verdict for that of the jury. This argument loses sight of the basis for remittitur. The judges are not fixing the amount they would award if they were the finders of fact. They are fixing the highest amount any jury could properly award, giving due weight to all the evidence offered.

"By what standard should the judge gauge the amount by which the award is to be reduced by remittitur? It is usually said that he should suggest a reduction to the highest amount which he would allow to stand . . . [citing cases]". *McCormick, Damages* 81 (1935).

Judgment affirmed.

Judge MANDERINO concurs in the result only.

———

DISSENTING OPINION BY JUDGE MENCER:

I respectfully dissent. In *Springer v. Allegheny County,* 401 Pa. 557, 165 A. 2d 383 (1960), it was held that the credibility of the oral testimony pertaining to the fair market value of property is peculiarly for the jury, not the court, to appraise. The Supreme Court wrote in *Springer* what is appropriate here.

"The value of the land appropriated was the only substantial issue that the jury had to resolve. There was no dispute as to the extent of the property taken nor its location, condition, topographical characteristics or the plaintiff's right to recover its fair worth. In arriving at a just determination of the fair market value, the jury had as criteria the customarily widely disparate opinions of the real estate experts who testified for the respective sides. It was the province of the jury to weigh the credibility of the valuation wit-

nesses' testimony and to determine what the land taken was fairly worth at the time of the condemnation. The jurors had a right to, and undoubtedly did, bring to bear, in appraising the expert testimony, what they had perceived with respect to the property at the time they formally viewed it for trial purposes and, further, exercised their own good common sense. To overthrow the verdict on the ground that it was against the weight of the evidence would, in the light of the record, amount to a judicial usurpation of the jury's province." This language was approved in *Poulos v. Commonwealth of Pennsylvania,* 438 Pa. 442, 266 A. 2d 100 (1970) where the Supreme Court said that "it was improper for the court (trial) to act as a thirteenth juror."

Here the jury's verdict was supported by competent testimony and it was for this fact finding body, not for the court, to evaluate the testimony and determine the verdict. The jury heard the testimony of the experts called by the condemnor and those by the condemnees. All of this testimony was offered to the jury for their consideration and the jury was instructed to weigh the testimony and fulfill its role and responsibility of reaching a verdict based on the evidence in the case. The jury did exactly as instructed but the result did not meet with the expectations of the lower court, which in its opinion stated that "the verdict of the jury was so excessive that it has shocked the conscience of this court." In *Hilliard v. Anderson,* 440 Pa. 625, 271 A. 2d 227 (1970), it was stated that "the court should state the reasons for this conclusion in order that we may have the opportunity of intelligently determining if an abuse of discretion occurred." In the instant case the reasons given by the court below for being shocked were insufficient to justify a remittitur of $125,000.00 relating to the jury's verdict.

The court gave three reasons for directing a remittitur:

*First*: After the jury retired they sent the following question to the trial court: "Question: 'Do we determine the price of the Thompson property?'" In granting the new trial the court took the position that this question established that the jury was confused and that this situation could have been corrected only by giving another long charge. Instead of another long charge the court said: "You determine the damages to the Thompson property which you arrive at by deciding its value before condemnation and subtracting from that its value after condemnation. That would be your verdict, the property owners' just compensation." I believe the question shows only that the jury had a question as to procedure. The court answered it and the jury then proceeded with its deliberations until a verdict was reached. There is nothing in this case to show the jury was confused. Certainly if the trial judge had believed at the time that additional instructions were needed he should and undoubtedly would have given them.

*Second*: In its opinion the court below wrote: "It can only be concluded that after careful review of the entire record together with the trial judge's opinion after having viewed the property in question that the verdict of the jury was grossly excessive." When the record is examined in this case it becomes apparent that the lower court en banc directed the remittitur because it thought the verdict was too high. In so doing it interfered with the exclusive province of the jury to determine the amount of the verdict within the range of the testimony. In *Morrissey v. Commonwealth, Department of Highways*, 440 Pa. 71, 269 A. 2d 866 (1970) the Supreme Court wrote: "We have indicated many times that the discrepancy in valuation between

various experts is properly a factor for the jury's consideration."

*Third*: The lower court stated its third reason as follows: "It is this Court's opinion that the condemned land could not support the highest and best use claimed by the plaintiffs." This stated reason clearly indicates that the court below took upon itself the determination of the credibility of the condemnees witnesses who testified as to the best use for the condemned land and placed its imprimatur of credibility upon the condemnor's witnesses and their testimony in this regard. I submit that what was written in *McConn v. Commonwealth, Department of Highways*, 431 Pa. 574, 246 A. 2d 677 (1968) is applicable here.

"When the court below in this case, as did the court below in Springer, took upon itself the determination of the witnesses' credibility it went beyond its judicial function and its conclusion that the instant verdict was against the weight of the credible evidence did not justify setting aside the instant verdict."

I am not satisfied that any or all of these reasons justify a remittitur. From my examination of the record, I am persuaded that the court below substituted its evaluation of the condemned property for that of the jury. I would reverse and remand the record with directions to enter judgment on the verdict.

Judge KRAMER joins in this dissent.